# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| SKULL SHAVER, LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>RAYENBARNY INC., BALD SHAVER INC., SUZHOU KAIDIYA GARMENTS TRADING CO., LTD., SHENZHEN AIWEILAI TRADING CO., LTD., WENZHOU WENDING ELECTRIC APPLIANCE CO., LTD., SHENZHEN NUKUN TECHNOLOGY CO., LTD., YIWU XINGYE NETWORK TECHNOLOGY CO. LTD., MAGICFLY LLC, YIWU CITY QIAOYU TRADING CO., LTD., SHENZHEN WANTONG INFORMATION TECHNOLOGY CO., LTD., SHENZHEN JUNMAO INTERNATIONAL TECHNOLOGY CO., LTD.,<br><br>            Defendants. | Civil Action No. 6:20-cv-00951<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Skull Shaver, LLC ("Skull Shaver" or "Plaintiff") files this Complaint and demand for a jury trial seeking relief for patent infringement by Rayenbarny Inc., Bald Shaver Inc., Suzhou Kaidiya Garments Trading Co., Ltd., Shenzhen Aiweilai Trading Co., Ltd., Wenzhou Wending Electric Appliance Co., Ltd., Shenzhen Nukun Technology Co., Ltd., Yiwu Xingye Network Technology Co. Ltd., Magicfly LLC, Yiwu City Qiaoyu Trading Co., Ltd., Shenzhen Wantong Information Technology Co., Ltd., Shenzhen Junmao International Technology Co., Ltd., (collectively "Defendants").  Plaintiff states and alleges the following:

## THE PARTIES

1.      This case for patent infringement is brought by Skull Shaver, a company founded by two United States veterans who brought together their ingenuity and talents to invent, develop, and launch novel and highly effective electric shavers.  Recognizing the value of their creation, the founders of Skull Shaver applied for and were awarded numerous patents protecting their work. However as time went on and Skull Shaver saw its sales grow, companies like the Defendants, many from overseas, began to knock-off Skull Shaver's products and offend its intellectual property.

2.      Skull Shaver is a limited liability company organized and existing under the law of the state of New Jersey, with its principal place of business at 1503 Glen Avenue, Suite 160, Moorestown, New Jersey 08057, USA.  Skull Shaver is in the business of designing and selling patented horizontal electric shavers in the United States and abroad, including in this judicial district.

3.      Skull Shaver owns a portfolio of numerous issued United States patents related to and embodied by various of its successful shaving products.  The designs and devices claimed in those patents have changed the way consumers view and use handheld electric shaving devices, particularly when shaving curved parts of the body.

4.      Before Skull Shaver's inventions, prevailing handheld electric shaver devices were limiting in grip orientation and versatility of use, particularly when shaving hair on curved parts of the body.  Most designs incorporated a vertical handle and did not provide the user with firm gripping in order to achieve a consistent and uniform shave over curved portions of the body. Furthermore, prior electric shavers did not fit in the user's hand in a comfortable manner particularly when the shaver was oriented with the grip above the cutter surface, such as when reaching upward to shave the head.

5.      Skull Shaver's patents solve these issues, since the shape and design of the shaver housings fits the hand in a comfortable manner, especially when shaving curved parts of the body or when the shaver is held in an orientation where the housing is above the cutter.  When the shaver is oriented in this manner, it is then possible to either grip the shaver with two fingers as between the thumb and index finger, or between the index and middle fingers, or between the middle and ring fingers, while resting the remainder of the hand against the skin.  This helps the user properly orient and place the cutting surface of the shaver against the skin while being able to feel whether the skin has been sufficiently shaved, providing the user with sensory feedback.

6.      Skull Shaver was founded in 2010, and shortly after it began offering the unique and effective electric shavers for sale, its products became a hit.  Since then, Skull Shaver has been featured in local and national newspapers, radio stations, websites, and blogs.

7.      On information and belief, Rayenbarny Inc. ("Rayenbarny") is a New York corporation with its principal place of business at 299 Park Avenue, Floor 6, New York, NY.

8.      On information and belief, Defendant Bald Shaver Inc. ("Bald Shaver") is a Canadian corporation with its principal place of business at 540 King Street W, Toronto, Ontario, Canada.

9.      On information and belief, Defendant Suzhou Kaidiya Garments Trading Co., Ltd. ("Suzhou Kaidiya") is a Chinese corporation with its principal place of business at Room 50, Building 16-52, Shihui Fang Industrial Park, Suzhou, Jiangsu, 215000, China.

10.      On information and belief, Defendant Shenzhen Aiweilai Trading Co., Ltd. ("Shenzhen Aiweilai") is a Chinese corporation with its principal place of business at Room 302, Building 39, Shuiwei No.1, Minzhi Street, Longhua New District, Shenzhen, Guangdong, 518000, China.

11.     On information and belief, Defendant Wenzhou Wending Electric Appliance Co., Ltd. ("Wenzhou Wending") is a Chinese corporation with its principal place of business at 502, Building 8, West Street, Lecheng Street, Yueqing City, Zhejiang Province, 325600, China.

12.     On information and belief, Defendant Shenzhen Nukun Technology Co., Ltd. ("Shenzhen Nukun") is a Chinese corporation with its principal place of business at A2-405, Zhongbaotong Technology Park, No. 34, Changfa West Road, Wuhe Metro Station, Longgang District, Shenzhen, Guangdong, 518000, China.

13.     On information and belief, Defendant Yiwu Xingye Network Technology Co. Ltd. ("Yiwu Xingye") is a Chinese corporation with its principal place of business at Choujiang Street, Chengzhongxilu No.93, Yiwu, Zhejiang, 322000, China.

14.     On information and belief, Defendant Magicfly LLC ("Magicfly") is a Hong Kong corporation with its principal place of business at Room 1501, Grand Millennium Plaza, Lower Blk, 181 Queen's Road, Center Hong Kong.

15.     On information and belief, Defendant Yiwu City Qiaoyu Trading Co., Ltd. ("Yiwu City") is a Chinese corporation with its principal place of business at 401, 2 Hao, 33 Zhuang Duyuan Cun, Houzhai, Jiedao, Yiwu, Zhejiang, 322000, China.

16.     On information and belief, Defendant Shenzhen Wantong Information Technology Co., Ltd ("Shenzhen Wantong") is a Chinese corporation with its principal place of business at B1330, Chuangwei Chuangxin Valley, No. 8, Tangtou No.1 Road, Tangtou Community, Shiyan Street, Baoan District, Shenzhen, Guangdong, 518000, China.

17.     On information and belief, Defendant Shenzhen Junmao International Technology Co., Ltd ("Shenzhen Junmao") is a Chinese corporation with its principal place of business at

Minle Gongyeyuan Erdong 401, Longhua Xinqu Minzhi Jiedao, Shenzhen, Guangdong, 518000, China.

## JURISDICTION AND VENUE

18.     This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

19.     The Court has personal jurisdiction over Rayenbarny because it has continuous business contacts in the State of Texas in this District.  Rayenbarny has engaged in business activities including transacting business in this District and purposefully directing its business activities, including the use, marketing, sale or offer for sale of electric shavers, such as the Men's 5-in-1 Electric Shaver & Grooming Kit by AsaVea.  Rayenbarny, selling its products through Internet retail channels, was aware that its electric shavers are sold and delivered nationwide, including in this judicial District, and should reasonably anticipate being haled into court in this judicial District.

20.     The Court has personal jurisdiction over Bald Shaver because it has continuous business contacts in the State of Texas in this District.  Bald Shaver has engaged in business activities including transacting business in this District and purposefully directing its business activities, including the use, marketing, sale or offer for sale of electric shavers, such as the LK-1800 Shaver.  Bald Shaver, selling its products through Internet retail channels, was aware that its electric shavers are sold and delivered nationwide, including in this judicial District, and should reasonably anticipate being haled into court in this judicial District.

21.     The Court has personal jurisdiction over Suzhou Kaidiya because it has continuous business contacts in the State of Texas in this District.  Suzhou Kaidiya has engaged in business activities including transacting business in this District and purposefully directing its business

activities, including the use, marketing, sale or offer for sale of electric shavers, such as the Kibiy Bald Head Shaver LED Mens Electric Shaving Razor by Digimator.  Suzhou Kaidiya, selling its products through Internet retail channels, was aware that its electric shavers are sold and delivered nationwide, including in this judicial District, and should reasonably anticipate being haled into court in this judicial District.

22.     The Court has personal jurisdiction over Shenzhen Aiweilai because it has continuous business contacts in the State of Texas in this District.  Shenzhen Aiweilai has engaged in business activities including transacting business in this District and purposefully directing its business activities, including the use, marketing, sale or offer for sale of electric shavers, such as the Teamyo 5D Floating Deep Clean Head Shaver for Bald Men.  Shenzhen Aiweilai, selling its products through Internet retail channels, was aware that its electric shavers are sold and delivered nationwide, including in this judicial District, and should reasonably anticipate being haled into court in this judicial District.

23.     The Court has personal jurisdiction over Wenzhou Wending because it has continuous business contacts in the State of Texas in this District.  Wenzhou Wending has engaged in business activities including transacting business in this District and purposefully directing its business activities, including the use, marketing, sale or offer for sale of electric shavers, such as the PaiTree 5 in 1 Head and Face Electric Rotary Shaver.  Wenzhou Wending, selling its products through Internet retail channels, was aware that its electric shavers are sold and delivered nationwide, including in this judicial District, and should reasonably anticipate being haled into court in this judicial District.

24.     The Court has personal jurisdiction over Shenzhen Nukun because it has continuous business contacts in the State of Texas in this District.  Shenzhen Nukun has engaged in business

activities including transacting business in this District and purposefully directing its business activities, including the use, marketing, sale or offer for sale of electric shavers, such as the OriHea 5 in 1 Head Shavers for Bald Men Electric Rotary Razor.  Shenzhen Nukun, selling its products through Internet retail channels, was aware that its electric shavers are sold and delivered nationwide, including in this judicial District, and should reasonably anticipate being haled into court in this judicial District.

26.     The Court has personal jurisdiction over Yiwu Xingye because it has continuous business contacts in the State of Texas in this District.  Yiwu Xingye has engaged in business activities including transacting business in this District and purposefully directing its business activities, including the use, marketing, sale or offer for sale of electric shavers, such as the Roziapro Electric Razor for Men 6 in 1 Bald Head Shaver.  Yiwu Xingye, selling its products through Internet retail channels, was aware that its electric shavers are sold and delivered nationwide, including in this judicial District, and should reasonably anticipate being haled into court in this judicial District.

26.     The Court has personal jurisdiction over Magicfly because it has continuous business contacts in the State of Texas in this District.  Magicfly has engaged in business activities including transacting business in this District and purposefully directing its business activities, including the use, marketing, sale or offer for sale of electric shavers, such as the Magicfly Rechargeable Waterproof Shaver for Women.  Magicfly, selling its products through Internet retail channels, was aware that its electric shavers are sold and delivered nationwide, including in this judicial District, and should reasonably anticipate being haled into court in this judicial District.

27.     The Court has personal jurisdiction over Yiwu City because it has continuous business contacts in the State of Texas in this District.  Yiwu City has engaged in business activities

including transacting business in this District and purposefully directing its business activities, including the use, marketing, sale or offer for sale of electric shavers, such as the Surker 6 in 1 Electric Shavers for Men Bald Head.  Yiwu City, selling its products through Internet retail channels, was aware that its electric shavers are sold and delivered nationwide, including in this judicial District, and should reasonably anticipate being haled into court in this judicial District.

28.     The Court has personal jurisdiction over Shenzhen Wantong because it has continuous business contacts in the State of Texas in this District.  Shenzhen Wantong has engaged in business activities including transacting business in this District and purposefully directing its business activities, including the use, marketing, sale or offer for sale of electric shavers, such as the Electric Razor Grooming Kit for Men 4 in 1 Dry Wet Waterproof Rotary Bald Head Shaver by WTONG.  Shenzhen Wantong, selling its products through Internet retail channels, was aware that its electric shavers are sold and delivered nationwide, including in this judicial District, and should reasonably anticipate being haled into court in this judicial District.

29.     The Court has personal jurisdiction over Shenzhen Junmao because it has continuous business contacts in the State of Texas in this District.  Shenzhen Junmao has engaged in business activities including transacting business in this District and purposefully directing its business activities, including the use, marketing, sale or offer for sale of electric shavers, such as the Homeasy Men Electric Razor Bald Head Shaver.  Shenzhen Junmao, selling its products through Internet retail channels, was aware that its electric shavers are sold and delivered nationwide, including in this judicial District, and should reasonably anticipate being haled into court in this judicial District.

30.     Venue is therefore proper in this judicial District pursuant to 28 U.S.C. § 1400(b) because Defendants transact business in this District and purposefully direct their business

activities to this District, including the sale and offer for sale of infringing products in this judicial District.

31.     Venue is likewise proper in this judicial District pursuant to 28 U.S.C. 1391(c)(3) because at least defendants Bald Shaver, Suzhou Kaidiya, Shenzhen Aiweilai, Wenzhou Wending, Shenzhen Nukun, Yiwu Xingye, Magicfly, Yiwu City, Shenzhen Wantong, and Shenzhen Junmao, are foreign corporations residing and operating outside of the United States, and therefore may be sued in any judicial district. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1520 n.2 (2017) (declining to address venue implications on foreign corporations); *see also In re HTC Corp.*, 889 F.3d 1349, 1361 (Fed. Cir. 2018) (upholding alien-venue rule in declining foreign defendant's venue challenge).

## ASSERTED PATENTS

32.     The patents-at-issue in this action are U.S. Patent Nos. 8,726,528 ("the '528 Patent") and D672,504 ("the '504 Patent"), (collectively, the "Asserted Patents").

33.     On May 20, 2014, the U.S. Patent Office duly and legally issued the '528 Patent entitled "Electric Head Shaver."  Skull Shaver is the assignee of all right, title, and interest in and to the '528 Patent.  A true and correct copy of the '528 Patent is attached hereto as Exhibit A.

34.     On December 11, 2012, the U.S. Patent Office duly and legally issued the '504 Patent entitled "Electric Head Shaver."  Skull Shaver is the assignee of all right, title, and interest in and to the '504 Patent.  A true and correct copy of the '504 Patent is attached hereto as Exhibit B.

## BACKGROUND

35.     Since Skull Shaver introduced its patented products, numerous companies, including the Defendants, began to copy the Skull Shaver Devices' designs in their shaver products and incorporate Skull Shaver's patented inventions.

36.     These infringing products are manufactured abroad by foreign companies and advertised and sold on websites to customers in the United States across the Internet, including on Amazon.com, eBay.com, and Alibaba.com, among other websites.

37.     On information and belief, sellers of foreign infringing counterfeit electric shavers, including the Defendants, direct advertising and marketing efforts for the accused products to customers searching for and purchasing Skull Shaver's products through, for example, targeted and sponsored advertisements.

38.     For example, through Skull Shaver's own product pages on Amazon.com, potential Skull Shaver customers are targeted with sponsored marketing efforts directly aimed at promoting infringing products, including on information and belief, numerous of the Defendants' accused devices.   Similarly, when searching for Skull Shaver products on Amazon.com, potential customers are presented with search results that include infringing knock-offs that are offered at considerably cheaper prices, including on information and belief, numerous of the Defendants' accused devices.

39.     The Defendants represent only a small portion of the online sellers and brands offering infringing electric shavers for purchase by customers in the United States.  Over recent years, Skull Shaver has become aware of numerous foreign companies intending to manufacture and sell counterfeit infringing shavers to customers in the United States.  However, in many cases the entities quickly disappear and nearly identical products subsequently reappear and are sold under different seller and brand names.

40.     In view of the foregoing, and in an effort to curb the extensive intellectual property abuses Skull Shaver has become aware of by foreign manufacturers importing and selling counterfeit electric shavers to U.S. customers, Skull Shaver has no choice but to seek relief against

the Defendants for infringement of its patented innovations.  Simultaneous with the filing of this complaint, Skull Shaver has also filed an investigation before the International Trade Commission against the Defendants named in this suit for the importation and sale of the infringing electric shavers.

## COUNT I

### (Patent Infringement of United States Patent No. 8,726,528 by Rayenbarny)

41.     Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

42.     Rayenbarny has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '528 patent by making, using, testing, selling, offering for sale and/or importing into the United States Rayenbarny's Men's 5-in-1 Electric Shaver & Grooming Kit by AsaVea pursuant to 35 U.S.C. § 271(a).

43.     The claim chart attached hereto as Exhibit C describes and demonstrates how the elements of exemplary claim 1 from the '528 patent are practiced by Rayenbarny's accused electric shaver.

44.     Rayenbarny's accused electric shaver practices all of the limitations of claim 1 of the '528 patent.  For example, Rayenbarny's accused electric shaver comprises a housing for containing an electrical source and drive-related components, said housing having a length and a width, and including two substantially opposed and substantially parallel sides along said length, said housing further including a bottom; a cutter mechanism located beneath said bottom of said housing and spaced therefrom; a central hub extending from said bottom of said housing to said cutter mechanism and connecting said cutter mechanism to said housing; said cutter mechanism including a cutting surface defining a plane; a first pair of elongated recesses formed on said sides of said housing, said first pair of elongated recesses being substantially parallel to each other and

lying in a plane that is spaced apart from but parallel to the plane of said cutting surface, and a second set of elongated spaced apart recesses formed in said bottom of said housing along said width entirely, and extending upwardly into said bottom, said recesses of said second set being located on opposite sides of said hub and extending perpendicular to said first pair of recesses.

45.     Rayenbarny also indirectly infringes the '528 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Rayenbarny has knowledge that its activities concerning its accused Men's 5-in-1 Electric Shaver & Grooming Kit by AsaVea infringes one or more claims of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Rayenbarny is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Rayenbarny's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.   On information and belief, Rayenbarny will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the accused electric shaver (which are acts of direct infringement of the '528 patent) and Rayenbarny has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '528 patent.  Further, Rayenbarny provides information and support to its customers, including at least product user manuals, instructing its customers to use Rayenbarny's accused electric shaver (which are acts of direct infringement of the '528 patent).  Alternatively, Rayenbarny knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the accused electric shaver constitutes direct infringement of the '528 patent but took deliberate actions to avoid learning of these facts.

46.     Rayenbarny also indirectly infringes the '528 patent by contributing to the direct infringement by third parties under 35 U.S.C. § 271(c).  Rayenbarny has or will have knowledge that its activities concerning the accused electric shaver indirectly infringe at least claim 1 of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Rayenbarny is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Rayenbarny's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Rayenbarny specifically designed and configured the accused electric shaver to be used by third parties to directly infringe at least claim 1 of the '528 patent.  Moreover, on information and belief, third parties have and will continue to use Rayenbarny's accused electric shaver (which directly infringes at least claim 1 of the '528 patent) based on Rayenbarny's ongoing activities, including its support and provision of product user manuals.  On information and belief, Rayenbarny's accused electric shavers have no substantial noninfringing uses.  Further, Rayenbarny's accused electric shavers constitute a material part of the invention claimed in at least claim 1 of the '528 patent.

47.     Rayenbarny has engaged in deliberate and willful behavior with knowledge of the '528 patent and knew or should have known that its actions constituted direct and/or indirect infringement of the '528 patent.  Based on information and belief, such as Rayenbarny's copying of Skull Shavers products, including the design, look and feel and overall functionality, Rayanbarny knew about the patented inventions embodied in Skull Shavers products such that Rayenbarny acted with deliberate and willful behavior and deliberate indifference and willfully infringed the '528 patent.

48.     On information and belief, Rayenbarny's accused electric shavers are available to individuals throughout the United States and in the State of Texas, including in this District.

49.     Skull Shaver has been damaged as the result of Rayenbarny's infringement.  Upon information and belief, Rayenbarny will continue to infringe one or more claims of the '528 patent unless and until they are enjoined by this Court.

50.     Rayenbarny has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing one or more claims of the '528 patent.  Skull Shaver will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Rayenbarny is enjoined from infringing the claims of the '528 patent.

## COUNT II

**(Patent Infringement of United States Patent No. 8,726,528 by Bald Shaver)**

51.     Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

52.     Bald Shaver has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '528 patent by making, using, testing, selling, offering for sale and/or importing into the United States Bald Shaver's LK-1800 Shaver pursuant to 35 U.S.C. § 271(a).

53.     The claim chart attached hereto as Exhibit D describes and demonstrates how the elements of exemplary claim 1 from the '528 patent are practiced by Bald Shaver's accused electric shaver.

54.     Bald Shaver's accused electric shaver practices all of the limitations of claim 1 of the '528 patent.  For example, Bald Shaver's accused electric shaver comprises a housing for containing an electrical source and drive-related components, said housing having a length and a width, and including two substantially opposed and substantially parallel sides along said length,

said housing further including a bottom; a cutter mechanism located beneath said bottom of said housing and spaced therefrom; a central hub extending from said bottom of said housing to said cutter mechanism and connecting said cutter mechanism to said housing; said cutter mechanism including a cutting surface defining a plane; a first pair of elongated recesses formed on said sides of said housing, said first pair of elongated recesses being substantially parallel to each other and lying in a plane that is spaced apart from but parallel to the plane of said cutting surface, and a second set of elongated spaced apart recesses formed in said bottom of said housing along said width entirely, and extending upwardly into said bottom, said recesses of said second set being located on opposite sides of said hub and extending perpendicular to said first pair of recesses.

55.     Bald Shaver also indirectly infringes the '528 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Bald Shaver has knowledge that its activities concerning its accused LK-1800 Shaver by infringes one or more claims of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Bald Shaver is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Bald Shaver's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Bald Shaver will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the accused electric shaver (which are acts of direct infringement of the '528 patent) and Bald Shaver has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '528 patent.  Further, Bald Shaver provides information and support to its customers, including at least product user manuals, instructing its customers to use Bald Shaver's accused electric shaver (which are acts of direct infringement of the '528 patent).

Alternatively, Bald Shaver knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the accused electric shaver constitutes direct infringement of the '528 patent but took deliberate actions to avoid learning of these facts.

56.     Bald Shaver also indirectly infringes the '528 patent by contributing to the direct infringement by third parties under 35 U.S.C. § 271(c).  Bald Shaver has or will have knowledge that its activities concerning the accused electric shaver indirectly infringe at least claim 1 of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Bald Shaver is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Bald Shaver's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Bald Shaver specifically designed and configured the accused electric shaver to be used by third parties to directly infringe at least claim 1 of the '528 patent.  Moreover, on information and belief, third parties have and will continue to use Bald Shaver's accused electric shaver (which directly infringes at least claim 1 of the '528 patent) based on Bald Shaver's ongoing activities, including its support and provision of product user manuals.  On information and belief, Bald Shaver's accused electric shavers have no substantial noninfringing uses.  Further, Bald Shaver's accused electric shavers constitute a material part of the invention claimed in at least claim 1 of the '528 patent.

57.     Bald Shaver has engaged in deliberate and willful behavior with knowledge of the '528 patent and knew or should have known that its actions constituted direct and/or indirect infringement of the '528 patent.  Based on information and belief, such as Bald Shaver's copying of Skull Shavers products, including the design, look and feel and overall functionality, Bald

Shaver knew about the patented inventions embodied in Skull Shavers products such that Bald Shaver acted with deliberate and willful behavior and deliberate indifference and willfully infringed the '528 patent.

58.     On information and belief, Bald Shaver's accused electric shavers are available to individuals throughout the United States and in the State of Texas, including in this District.

59.     Skull Shaver has been damaged as the result of Bald Shaver's infringement.  Upon information and belief, Bald Shaver will continue to infringe one or more claims of the '528 patent unless and until they are enjoined by this Court.

60.     Bald Shaver has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing one or more claims of the '528 patent.  Skull Shaver will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Bald Shaver is enjoined from infringing the claims of the '528 patent.

## COUNT III

### (Patent Infringement of United States Patent No. 8,726,528 by Suzhou Kaidiya)

61.     Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

62.     Suzhou Kaidiya has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '528 patent by making, using, testing, selling, offering for sale and/or importing into the United States Suzhou Kaidiya's Kibiy Bald Head Shaver LED Mens Electric Shaving Razor by Digimator pursuant to 35 U.S.C. § 271(a).

63.     The claim chart attached hereto as Exhibit E describes and demonstrates how the elements of exemplary claim 1 from the '528 patent are practiced by Suzhou Kaidiya's accused electric shaver.

64.     Suzhou Kaidiya's accused electric shaver practices all of the limitations of claim 1 of the '528 patent.  For example, Suzhou Kaidiya's accused electric shaver comprises a housing for containing an electrical source and drive-related components, said housing having a length and a width, and including two substantially opposed and substantially parallel sides along said length, said housing further including a bottom; a cutter mechanism located beneath said bottom of said housing and spaced therefrom; a central hub extending from said bottom of said housing to said cutter mechanism and connecting said cutter mechanism to said housing; said cutter mechanism including a cutting surface defining a plane; a first pair of elongated recesses formed on said sides of said housing, said first pair of elongated recesses being substantially parallel to each other and lying in a plane that is spaced apart from but parallel to the plane of said cutting surface, and a second set of elongated spaced apart recesses formed in said bottom of said housing along said width entirely, and extending upwardly into said bottom, said recesses of said second set being located on opposite sides of said hub and extending perpendicular to said first pair of recesses.

65.     Suzhou Kaidiya also indirectly infringes the '528 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Suzhou Kaidiya has knowledge that its activities concerning its accused Kibiy Bald Head Shaver LED Mens Electric Shaving Razor by Digimator infringes one or more claims of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Suzhou Kaidiya is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Suzhou Kaidiya's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Suzhou Kaidiya will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the accused electric shaver

(which are acts of direct infringement of the '528 patent) and Suzhou Kaidiya has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '528 patent. Further, Suzhou Kaidiya provides information and support to its customers, including at least product user manuals, instructing its customers to use Suzhou Kaidiya's accused electric shaver (which are acts of direct infringement of the '528 patent).  Alternatively, Suzhou Kaidiya knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the accused electric shaver constitutes direct infringement of the '528 patent but took deliberate actions to avoid learning of these facts.

66.     Suzhou Kaidiya also indirectly infringes the '528 patent by contributing to the direct infringement by third parties under 35 U.S.C. § 271(c).  Suzhou Kaidiya has or will have knowledge that its activities concerning the accused electric shaver indirectly infringe at least claim 1 of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Suzhou Kaidiya is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Suzhou Kaidiya's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Suzhou Kaidiya specifically designed and configured the accused electric shaver to be used by third parties to directly infringe at least claim 1 of the '528 patent.  Moreover, on information and belief, third parties have and will continue to use Suzhou Kaidiya's accused electric shaver (which directly infringes at least claim 1 of the '528 patent) based on Suzhou Kaidiya's ongoing activities, including its support and provision of product user manuals.  On information and belief, Suzhou Kaidiya's accused electric shavers have no substantial

noninfringing uses.  Further, Suzhou Kaidiya's accused electric shavers constitute a material part of the invention claimed in at least claim 1 of the '528 patent.

67.     Suzhou Kaidiya has engaged in deliberate and willful behavior with knowledge of the '528 patent and knew or should have known that its actions constituted direct and/or indirect infringement of the '528 patent.  Based on information and belief, such as Suzhou Kaidiya's copying of Skull Shavers products, including the design, look and feel and overall functionality, Suzhou Kaidiya knew about the patented inventions embodied in Skull Shavers products such that Suzhou Kaidiya acted with deliberate and willful behavior and deliberate indifference and willfully infringed the '528 patent.

68.     On information and belief, Suzhou Kaidiya's accused electric shavers are available to individuals throughout the United States and in the State of Texas, including in this District.

69.     Skull Shaver has been damaged as the result of Suzhou Kaidiya's infringement. Upon information and belief, Suzhou Kaidiya will continue to infringe one or more claims of the '528 patent unless and until they are enjoined by this Court.

70.     Suzhou Kaidiya has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing one or more claims of the '528 patent.  Skull Shaver will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Suzhou Kaidiya is enjoined from infringing the claims of the '528 patent.

## COUNT IV

### (Patent Infringement of United States Patent No. 8,726,528 by Shenzhen Aiweilai)

71.     Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

72.     Shenzhen Aiweilai has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '528 patent by making,

using, testing, selling, offering for sale and/or importing into the United States Teamyo 5D Floating Deep Clean Head Shaver for Bald Men by Teamyo pursuant to 35 U.S.C. § 271(a).

73.     The claim chart attached hereto as Exhibit F describes and demonstrates how the elements of exemplary claim 1 from the '528 patent are practiced by Shenzhen Aiweilai's accused electric shaver.

74.     Shenzhen Aiweilai's accused electric shaver practices all of the limitations of claim 1 of the '528 patent.   For example, Shenzhen Aiweilai's accused electric shaver comprises a housing for containing an electrical source and drive-related components, said housing having a length and a width, and including two substantially opposed and substantially parallel sides along said length, said housing further including a bottom; a cutter mechanism located beneath said bottom of said housing and spaced therefrom; a central hub extending from said bottom of said housing to said cutter mechanism and connecting said cutter mechanism to said housing; said cutter mechanism including a cutting surface defining a plane; a first pair of elongated recesses formed on said sides of said housing, said first pair of elongated recesses being substantially parallel to each other and lying in a plane that is spaced apart from but parallel to the plane of said cutting surface, and a second set of elongated spaced apart recesses formed in said bottom of said housing along said width entirely, and extending upwardly into said bottom, said recesses of said second set being located on opposite sides of said hub and extending perpendicular to said first pair of recesses.

75.     Shenzhen Aiweilai also indirectly infringes the '528 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Shenzhen Aiweilai has knowledge that its activities concerning its accused Teamyo 5D Floating Deep Clean Head Shaver for Bald Men by Teamyo infringes one or more claims of the '528 patent based on the patent marking Skull

Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Shenzhen Aiweilai is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Shenzhen Aiweilai's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Shenzhen Aiweilai will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the accused electric shaver (which are acts of direct infringement of the '528 patent) and Shenzhen Aiweilai has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '528 patent.  Further, Shenzhen Aiweilai provides information and support to its customers, including at least product user manuals, instructing its customers to use Shenzhen Aiweilai's accused electric shaver (which are acts of direct infringement of the '528 patent).  Alternatively, Shenzhen Aiweilai's knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the accused electric shaver constitutes direct infringement of the '528 patent but took deliberate actions to avoid learning of these facts.

76.     Shenzhen Aiweilai also indirectly infringes the '528 patent by contributing to the direct infringement by third parties under 35 U.S.C. § 271(c).  Shenzhen Aiweilai has or will have knowledge that its activities concerning the accused electric shaver indirectly infringe at least claim 1 of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Shenzhen Aiweilai is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Shenzhen Aiweilai's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers. On information and belief, Shenzhen Aiweilai specifically designed and configured the accused

electric shaver to be used by third parties to directly infringe at least claim 1 of the '528 patent. Moreover, on information and belief, third parties have and will continue to use Shenzhen Aiweilai's accused electric shaver (which directly infringes at least claim 1 of the '528 patent) based on Shenzhen Aiweilai's ongoing activities, including its support and provision of product user manuals.  On information and belief, Shenzhen Aiweilai's accused electric shavers have no substantial noninfringing uses.  Further, Shenzhen Aiweilai's accused electric shavers constitute a material part of the invention claimed in at least claim 1 of the '528 patent.

77.     Shenzhen Aiweilai has engaged in deliberate and willful behavior with knowledge of the '528 patent and knew or should have known that its actions constituted direct and/or indirect infringement of the '528 patent.  Based on information and belief, such as Shenzhen Aiweilai's copying of Skull Shavers products, including the design, look and feel and overall functionality, Shenzhen Aiweilai knew about the patented inventions embodied in Skull Shavers products such that Shenzhen Aiweilai acted with deliberate and willful behavior and deliberate indifference and willfully infringed the '528 patent.

78.     On information and belief, Shenzhen Aiweilai's accused electric shavers are available to individuals throughout the United States and in the State of Texas, including in this District.

79.     Skull Shaver has been damaged as the result of Shenzhen Aiweilai's infringement. Upon information and belief, Shenzhen Aiweilai will continue to infringe one or more claims of the '528 patent unless and until they are enjoined by this Court.

80.     Shenzhen Aiweilai has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing one or more claims of the '528 patent.  Skull Shaver will suffer

further irreparable injury, for which it has no adequate remedy at law, unless and until Shenzhen Aiweilai is enjoined from infringing the claims of the '528 patent.

## COUNT V

### (Patent Infringement of United States Patent No. 8,726,528 by Wenzhou Wending)

81.     Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

82.     Wenzhou Wending has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '528 patent by making, using, testing, selling, offering for sale and/or importing into the United States PaiTree 5 in 1 Head and Face Electric Rotary Shaver by Wenzhou Wending pursuant to 35 U.S.C. § 271(a).

83.     The claim chart attached hereto as Exhibit G describes and demonstrates how the elements of exemplary claim 1 from the '528 patent are practiced by Wenzhou Wending's accused electric shaver.

84.     Wenzhou Wending's accused electric shaver practices all of the limitations of claim 1 of the '528 patent.  For example, Wenzhou Wending's accused electric shaver comprises a housing for containing an electrical source and drive-related components, said housing having a length and a width, and including two substantially opposed and substantially parallel sides along said length, said housing further including a bottom; a cutter mechanism located beneath said bottom of said housing and spaced therefrom; a central hub extending from said bottom of said housing to said cutter mechanism and connecting said cutter mechanism to said housing; said cutter mechanism including a cutting surface defining a plane; a first pair of elongated recesses formed on said sides of said housing, said first pair of elongated recesses being substantially parallel to each other and lying in a plane that is spaced apart from but parallel to the plane of said cutting surface, and a second set of elongated spaced apart recesses formed in said bottom of said

housing along said width entirely, and extending upwardly into said bottom, said recesses of said second set being located on opposite sides of said hub and extending perpendicular to said first pair of recesses.

85.     Wenzhou Wending also indirectly infringes the '528 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).   Wenzhou Wending has knowledge that its activities concerning its accused PaiTree 5 in 1 Head and Face Electric Rotary Shaver by Paitree infringes one or more claims of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.   On information and belief, Wenzhou Wending is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Wenzhou Wending's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.   On information and belief, Wenzhou Wending will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the accused electric shaver (which are acts of direct infringement of the '528 patent) and Wenzhou Wending has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '528 patent.   Further, Wenzhou Wending provides information and support to its customers, including at least product user manuals, instructing its customers to use Wenzhou Wending's accused electric shaver (which are acts of direct infringement of the '528 patent).   Alternatively, Wenzhou Wending knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the accused electric shaver constitutes direct infringement of the '528 patent but took deliberate actions to avoid learning of these facts.

86.     Wenzhou Wending also indirectly infringes the '528 patent by contributing to the direct infringement by third parties under 35 U.S.C. § 271(c).   Wenzhou Wending has or will have

knowledge that its activities concerning the accused electric shaver indirectly infringe at least claim 1 of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Wenzhou Wending is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Wenzhou Wending's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers. On information and belief, Wenzhou Wending specifically designed and configured the accused electric shaver to be used by third parties to directly infringe at least claim 1 of the '528 patent. Moreover, on information and belief, third parties have and will continue to use Wenzhou Wending's accused electric shaver (which directly infringes at least claim 1 of the '528 patent) based on Wenzhou Wending's ongoing activities, including its support and provision of product user manuals.  On information and belief, Wenzhou Wending's accused electric shavers have no substantial noninfringing uses.  Further, Wenzhou Wending's accused electric shavers constitute a material part of the invention claimed in at least claim 1 of the '528 patent.

87.     Wenzhou Wending has engaged in deliberate and willful behavior with knowledge of the '528 patent and knew or should have known that its actions constituted direct and/or indirect infringement of the '528 patent.  Based on information and belief, such as Wenzhou Wending's copying of Skull Shavers products, including the design, look and feel and overall functionality, Wenzhou Wending knew about the patented inventions embodied in Skull Shavers products such that Wenzhou Wending acted with deliberate and willful behavior and deliberate indifference and willfully infringed the '528 patent.

88.     On information and belief, Wenzhou Wending's accused electric shavers are available to individuals throughout the United States and in the State of Texas, including in this District.

89.     Skull Shaver has been damaged as the result of Wenzhou Wending's infringement. Upon information and belief, Wenzhou Wending will continue to infringe one or more claims of the '528 patent unless and until they are enjoined by this Court.

90.     Wenzhou Wending has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing one or more claims of the '528 patent.  Skull Shaver will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Wenzhou Wending is enjoined from infringing the claims of the '528 patent.

### COUNT VI

**(Patent Infringement of United States Patent No. 8,726,528 by Shenzhen Nukun)**

91.     Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

92.     Shenzhen Nukun has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '528 patent by making, using, testing, selling, offering for sale and/or importing into the United States OriHea 5 in 1 Head Shavers for Bald Men Electric Rotary Razor by OriHea pursuant to 35 U.S.C. § 271(a).

93.     The claim chart attached hereto as Exhibit H describes and demonstrates how the elements of exemplary claim 1 from the '528 patent are practiced by Shenzhen Nukun's accused electric shaver.

94.     Shenzhen Nukun's accused electric shaver practices all of the limitations of claim 1 of the '528 patent.  For example, Shenzhen Nukun's accused electric shaver comprises a housing for containing an electrical source and drive-related components, said housing having a length and

a width, and including two substantially opposed and substantially parallel sides along said length, said housing further including a bottom; a cutter mechanism located beneath said bottom of said housing and spaced therefrom; a central hub extending from said bottom of said housing to said cutter mechanism and connecting said cutter mechanism to said housing; said cutter mechanism including a cutting surface defining a plane; a first pair of elongated recesses formed on said sides of said housing, said first pair of elongated recesses being substantially parallel to each other and lying in a plane that is spaced apart from but parallel to the plane of said cutting surface, and a second set of elongated spaced apart recesses formed in said bottom of said housing along said width entirely, and extending upwardly into said bottom, said recesses of said second set being located on opposite sides of said hub and extending perpendicular to said first pair of recesses.

95.     Shenzhen Nukun also indirectly infringes the '528 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Shenzhen Nukun has knowledge that its activities concerning its accused OriHea 5 in 1 Head Shavers for Bald Men Electric Rotary Razor by Shenzhen Nukun infringes one or more claims of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Shenzhen Nukun is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Shenzhen Nukun's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Shenzhen Nukun will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the accused electric shaver (which are acts of direct infringement of the '528 patent) and Shenzhen Nukun has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '528 patent.  Further, Shenzhen Nukun provides information and support to its

customers, including at least product user manuals, instructing its customers to use Shenzhen Nukun's accused electric shaver (which are acts of direct infringement of the '528 patent). Alternatively, Shenzhen Nukun knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the accused electric shaver constitutes direct infringement of the '528 patent but took deliberate actions to avoid learning of these facts.

96.     Shenzhen Nukun also indirectly infringes the '528 patent by contributing to the direct infringement by third parties under 35 U.S.C. § 271(c). Shenzhen Nukun has or will have knowledge that its activities concerning the accused electric shaver indirectly infringe at least claim 1 of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint. On information and belief, Shenzhen Nukun is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Shenzhen Nukun's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers. On information and belief, Shenzhen Nukun specifically designed and configured the accused electric shaver to be used by third parties to directly infringe at least claim 1 of the '528 patent. Moreover, on information and belief, third parties have and will continue to use Shenzhen Nukun's accused electric shaver (which directly infringes at least claim 1 of the '528 patent) based on Shenzhen Nukun's ongoing activities, including its support and provision of product user manuals. On information and belief, Shenzhen Nukun's accused electric shavers have no substantial noninfringing uses. Further, Shenzhen Nukun's accused electric shavers constitute a material part of the invention claimed in at least claim 1 of the '528 patent.

97.     Shenzhen Nukun has engaged in deliberate and willful behavior with knowledge of the '528 patent and knew or should have known that its actions constituted direct and/or indirect

infringement of the '528 patent.  Based on information and belief, such as Shenzhen Nukun's copying of Skull Shavers products, including the design, look and feel and overall functionality, Shenzhen Nukun knew about the patented inventions embodied in Skull Shavers products such that Shenzhen Nukun acted with deliberate and willful behavior and deliberate indifference and willfully infringed the '528 patent.

98.     On information and belief, Shenzhen Nukun's accused electric shavers are available to individuals throughout the United States and in the State of Texas, including in this District.

99.     Skull Shaver has been damaged as the result of Shenzhen Nukun's infringement. Upon information and belief, Shenzhen Nukun will continue to infringe one or more claims of the '528 patent unless and until they are enjoined by this Court.

100.     Shenzhen Nukun has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing one or more claims of the '528 patent.  Skull Shaver will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Shenzhen Nukun is enjoined from infringing the claims of the '528 patent.

## <u>COUNT VII</u>

### (Patent Infringement of United States Patent No. 8,726,528 by Yiwu Xingye)

101.     Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

102.     Yiwu Xingye has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '528 patent by making, using, testing, selling, offering for sale and/or importing into the United States Yiwu Xingye's Roziapro Electric Razor for Men 6 in 1 Bald Head Shaver pursuant to 35 U.S.C. § 271(a).

103.    The claim chart attached hereto as Exhibit I describes and demonstrates how the elements of exemplary claim 1 from the '528 patent are practiced by Yiwu Xingye's accused electric shaver.

104.    Yiwu Xingye's accused electric shaver practices all of the limitations of claim 1 of the '528 patent.  For example, Yiwu Xingye's accused electric shaver comprises a housing for containing an electrical source and drive-related components, said housing having a length and a width, and including two substantially opposed and substantially parallel sides along said length, said housing further including a bottom; a cutter mechanism located beneath said bottom of said housing and spaced therefrom; a central hub extending from said bottom of said housing to said cutter mechanism and connecting said cutter mechanism to said housing; said cutter mechanism including a cutting surface defining a plane; a first pair of elongated recesses formed on said sides of said housing, said first pair of elongated recesses being substantially parallel to each other and lying in a plane that is spaced apart from but parallel to the plane of said cutting surface, and a second set of elongated spaced apart recesses formed in said bottom of said housing along said width entirely, and extending upwardly into said bottom, said recesses of said second set being located on opposite sides of said hub and extending perpendicular to said first pair of recesses.

105.    Yiwu Xingye also indirectly infringes the '528 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Yiwu Xingye has knowledge that its activities concerning its accused Roziapro Electric Razor for Men 6 in 1 Bald Head Shaver infringes one or more claims of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Yiwu Xingye is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Yiwu

Xingye's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers. On information and belief, Yiwu Xingye will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the accused electric shaver (which are acts of direct infringement of the '528 patent) and Yiwu Xingye has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '528 patent.  Further, Yiwu Xingye provides information and support to its customers, including at least product user manuals, instructing its customers to use Yiwu Xingye's accused electric shaver (which are acts of direct infringement of the '528 patent).  Alternatively, Yiwu Xingye knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the accused electric shaver constitutes direct infringement of the '528 patent but took deliberate actions to avoid learning of these facts.

106.    Yiwu Xingye also indirectly infringes the '528 patent by contributing to the direct infringement by third parties under 35 U.S.C. § 271(c).  Yiwu Xingye has or will have knowledge that its activities concerning the accused electric shaver indirectly infringe at least claim 1 of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Yiwu Xingye is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Yiwu Xingye's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Yiwu Xingye specifically designed and configured the accused electric shaver to be used by third parties to directly infringe at least claim 1 of the '528 patent.  Moreover, on information and belief, third parties have and will continue to use Yiwu Xingye's accused electric shaver (which directly infringes at least claim 1 of the '528 patent) based on Yiwu Xingye's ongoing activities, including

its support and provision of product user manuals.  On information and belief, Yiwu Xingye's accused electric shavers have no substantial noninfringing uses.  Further, Yiwu Xingye's accused electric shavers constitute a material part of the invention claimed in at least claim 1 of the '528 patent.

107.    Yiwu Xingye has engaged in deliberate and willful behavior with knowledge of the '528 patent and knew or should have known that its actions constituted direct and/or indirect infringement of the '528 patent.  Based on information and belief, such as Yiwu Xingye's copying of Skull Shavers products, including the design, look and feel and overall functionality, Yiwu Xingye knew about the patented inventions embodied in Skull Shavers products such that Yiwu Xingye acted with deliberate and willful behavior and deliberate indifference and willfully infringed the '528 patent.

108.    On information and belief, Yiwu Xingye's accused electric shavers are available to individuals throughout the United States and in the State of Texas, including in this District.

109.    Skull Shaver has been damaged as the result of Yiwu Xingye's infringement.  Upon information and belief, Yiwu Xingye will continue to infringe one or more claims of the '528 patent unless and until they are enjoined by this Court.

110.    Yiwu Xingye has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing one or more claims of the '528 patent.  Skull Shaver will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Yiwu Xingye is enjoined from infringing the claims of the '528 patent.

## COUNT VIII

### (Patent Infringement of United States Patent No. 8,726,528 by Magicfly)

111.    Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

112.     Magicfly has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '528 patent by making, using, testing, selling, offering for sale and/or importing into the United States Magicfly's Rechargeable Waterproof Shaver for Women pursuant to 35 U.S.C. § 271(a).

113.     The claim chart attached hereto as Exhibit J describes and demonstrates how the elements of exemplary claim 1 from the '528 patent are practiced by Magicfly's accused electric shaver.

114.     Magicfly's accused electric shaver practices all of the limitations of claim 1 of the '528 patent.  For example, Magicfly's accused electric shaver comprises a housing for containing an electrical source and drive-related components, said housing having a length and a width, and including two substantially opposed and substantially parallel sides along said length, said housing further including a bottom; a cutter mechanism located beneath said bottom of said housing and spaced therefrom; a central hub extending from said bottom of said housing to said cutter mechanism and connecting said cutter mechanism to said housing; said cutter mechanism including a cutting surface defining a plane; a first pair of elongated recesses formed on said sides of said housing, said first pair of elongated recesses being substantially parallel to each other and lying in a plane that is spaced apart from but parallel to the plane of said cutting surface, and a second set of elongated spaced apart recesses formed in said bottom of said housing along said width entirely, and extending upwardly into said bottom, said recesses of said second set being located on opposite sides of said hub and extending perpendicular to said first pair of recesses.

115.     Magicfly also indirectly infringes the '528 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Magicfly has knowledge that its activities concerning its accused Rechargeable Waterproof Shaver for Women infringes one or more claims

of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Magicfly is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Magicfly's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Magicfly will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the accused electric shaver (which are acts of direct infringement of the '528 patent) and Magicfly has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '528 patent.  Further, Magicfly provides information and support to its customers, including at least product user manuals, instructing its customers to use Magicfly's accused electric shaver (which are acts of direct infringement of the '528 patent).  Alternatively, Magicfly knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the accused electric shaver constitutes direct infringement of the '528 patent but took deliberate actions to avoid learning of these facts.

116.     Magicfly also indirectly infringes the '528 patent by contributing to the direct infringement by third parties under 35 U.S.C. § 271(c).  Magicfly has or will have knowledge that its activities concerning the accused electric shaver indirectly infringe at least claim 1 of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Magicfly is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Magicfly's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Magicfly specifically designed and configured the accused electric shaver to be used by third parties to

directly infringe at least claim 1 of the '528 patent. Moreover, on information and belief, third parties have and will continue to use Magicfly's accused electric shaver (which directly infringes at least claim 1 of the '528 patent) based on Magicfly's ongoing activities, including its support and provision of product user manuals. On information and belief, Magicfly's accused electric shavers have no substantial noninfringing uses. Further, Magicfly's accused electric shavers constitute a material part of the invention claimed in at least claim 1 of the '528 patent.

117.   Magicfly has engaged in deliberate and willful behavior with knowledge of the '528 patent and knew or should have known that its actions constituted direct and/or indirect infringement of the '528 patent. Based on information and belief, such as Magicfly's copying of Skull Shavers products, including the design, look and feel and overall functionality, Magicfly knew about the patented inventions embodied in Skull Shavers products such that Magicfly acted with deliberate and willful behavior and deliberate indifference and willfully infringed the '528 patent.

118.   On information and belief, Magicfly's accused electric shavers are available to individuals throughout the United States and in the State of Texas, including in this District.

119.   Skull Shaver has been damaged as the result of Magicfly's infringement. Upon information and belief, Magicfly will continue to infringe one or more claims of the '528 patent unless and until they are enjoined by this Court.

120.   Magicfly has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing one or more claims of the '528 patent. Skull Shaver will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Magicfly is enjoined from infringing the claims of the '528 patent.

## COUNT IX

**(Patent Infringement of United States Patent No. 8,726,528 by Yiwu City)**

121.    Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

122.    Yiwu City has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '528 patent by making, using, testing, selling, offering for sale and/or importing into the United States Yiwu City's Surker 6 in 1 Electric Shavers for Men Bald Head pursuant to 35 U.S.C. § 271(a).

123.    The claim chart attached hereto as Exhibit K describes and demonstrates how the elements of exemplary claim 1 from the '528 patent are practiced by Yiwu City's accused electric shaver.

124.    Yiwu City's accused electric shaver practices all of the limitations of claim 1 of the '528 patent.  For example, Yiwu City's accused electric shaver comprises a housing for containing an electrical source and drive-related components, said housing having a length and a width, and including two substantially opposed and substantially parallel sides along said length, said housing further including a bottom; a cutter mechanism located beneath said bottom of said housing and spaced therefrom; a central hub extending from said bottom of said housing to said cutter mechanism and connecting said cutter mechanism to said housing; said cutter mechanism including a cutting surface defining a plane; a first pair of elongated recesses formed on said sides of said housing, said first pair of elongated recesses being substantially parallel to each other and lying in a plane that is spaced apart from but parallel to the plane of said cutting surface, and a second set of elongated spaced apart recesses formed in said bottom of said housing along said width entirely, and extending upwardly into said bottom, said recesses of said second set being located on opposite sides of said hub and extending perpendicular to said first pair of recesses.

125.    Yiwu City also indirectly infringes the '528 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Yiwu City has knowledge that its activities concerning its accused Surker 6 in 1 Electric Shavers for Men Bald Head infringes one or more claims of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Yiwu City is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Yiwu City's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Yiwu City will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the accused electric shaver (which are acts of direct infringement of the '528 patent) and Yiwu City has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '528 patent.  Further, Yiwu City provides information and support to its customers, including at least product user manuals, instructing its customers to use Yiwu City's accused electric shaver (which are acts of direct infringement of the '528 patent). Alternatively, Yiwu City knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the accused electric shaver constitutes direct infringement of the '528 patent but took deliberate actions to avoid learning of these facts.

126.    Yiwu City also indirectly infringes the '528 patent by contributing to the direct infringement by third parties under 35 U.S.C. § 271(c).  Yiwu City has or will have knowledge that its activities concerning the accused electric shaver indirectly infringe at least claim 1 of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Yiwu City is aware of the patent marking Skull Shaver includes on its

product packaging and on its company website based on Yiwu City's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Yiwu City specifically designed and configured the accused electric shaver to be used by third parties to directly infringe at least claim 1 of the '528 patent.  Moreover, on information and belief, third parties have and will continue to use Yiwu City's accused electric shaver (which directly infringes at least claim 1 of the '528 patent) based on Yiwu City's ongoing activities, including its support and provision of product user manuals.  On information and belief, Yiwu City's accused electric shavers have no substantial noninfringing uses.  Further, Yiwu City's accused electric shavers constitute a material part of the invention claimed in at least claim 1 of the '528 patent.

127.    Yiwu City has engaged in deliberate and willful behavior with knowledge of the '528 patent and knew or should have known that its actions constituted direct and/or indirect infringement of the '528 patent.  Based on information and belief, such as Yiwu City's copying of Skull Shavers products, including the design, look and feel and overall functionality, Yiwu City knew about the patented inventions embodied in Skull Shavers products such that Yiwu City acted with deliberate and willful behavior and deliberate indifference and willfully infringed the '528 patent.

128.    On information and belief, Yiwu City's accused electric shavers are available to individuals throughout the United States and in the State of Texas, including in this District.

129.    Skull Shaver has been damaged as the result of Yiwu City's infringement.  Upon information and belief, Yiwu City will continue to infringe one or more claims of the '528 patent unless and until they are enjoined by this Court.

130.    Yiwu City has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing one or more claims of the '528 patent.  Skull Shaver will suffer further

irreparable injury, for which it has no adequate remedy at law, unless and until Yiwu City is enjoined from infringing the claims of the '528 patent.

## COUNT X

### (Patent Infringement of United States Patent No. 8,726,528 by Shenzhen Wantong)

131.    Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

132.    Shenzhen Wantong has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '528 patent by making, using, testing, selling, offering for sale and/or importing into the United States Shenzhen Wantong's Electric Razor Grooming Kit for Men 4 in 1 Dry Wet Waterproof Rotary Bald Head Shaver by WTONG pursuant to 35 U.S.C. § 271(a).

133.    The claim chart attached hereto as Exhibit L describes and demonstrates how the elements of exemplary claim 1 from the '528 patent are practiced by Shenzhen Wantong's accused electric shaver.

134.    Shenzhen Wantong's accused electric shaver practices all of the limitations of claim 1 of the '528 patent.  For example, Shenzhen Wantong's accused electric shaver comprises a housing for containing an electrical source and drive-related components, said housing having a length and a width, and including two substantially opposed and substantially parallel sides along said length, said housing further including a bottom; a cutter mechanism located beneath said bottom of said housing and spaced therefrom; a central hub extending from said bottom of said housing to said cutter mechanism and connecting said cutter mechanism to said housing; said cutter mechanism including a cutting surface defining a plane; a first pair of elongated recesses formed on said sides of said housing, said first pair of elongated recesses being substantially parallel to each other and lying in a plane that is spaced apart from but parallel to the plane of said

cutting surface, and a second set of elongated spaced apart recesses formed in said bottom of said housing along said width entirely, and extending upwardly into said bottom, said recesses of said second set being located on opposite sides of said hub and extending perpendicular to said first pair of recesses.

135.   Shenzhen Wantong also indirectly infringes the '528 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Shenzhen Wantong has knowledge that its activities concerning its accused Electric Razor Grooming Kit for Men 4 in 1 Dry Wet Waterproof Rotary Bald Head Shaver by WTONG infringes one or more claims of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Shenzhen Wantong is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Shenzhen Wantong's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Shenzhen Wantong will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the accused electric shaver (which are acts of direct infringement of the '528 patent) and Shenzhen Wantong has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '528 patent.  Further, Shenzhen Wantong provides information and support to its customers, including at least product user manuals, instructing its customers to use Shenzhen Wantong's accused electric shaver (which are acts of direct infringement of the '528 patent).  Alternatively, Shenzhen Wantong knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the accused electric shaver constitutes direct infringement of the '528 patent but took deliberate actions to avoid learning of these facts.

136.     Shenzhen Wantong also indirectly infringes the '528 patent by contributing to the direct infringement by third parties under 35 U.S.C. § 271(c).  Shenzhen Wantong has or will have knowledge that its activities concerning the accused electric shaver indirectly infringe at least claim 1 of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Shenzhen Wantong is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Shenzhen Wantong's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Shenzhen Wantong specifically designed and configured the accused electric shaver to be used by third parties to directly infringe at least claim 1 of the '528 patent.  Moreover, on information and belief, third parties have and will continue to use Shenzhen Wantong's accused electric shaver (which directly infringes at least claim 1 of the '528 patent) based on Shenzhen Wantong's ongoing activities, including its support and provision of product user manuals.  On information and belief, Shenzhen Wantong's accused electric shavers have no substantial noninfringing uses.  Further, Shenzhen Wantong's accused electric shavers constitute a material part of the invention claimed in at least claim 1 of the '528 patent.

137.     Shenzhen Wantong has engaged in deliberate and willful behavior with knowledge of the '528 patent and knew or should have known that its actions constituted direct and/or indirect infringement of the '528 patent.  Based on information and belief, such as Shenzhen Wantong's copying of Skull Shavers products, including the design, look and feel and overall functionality, Shenzhen Wantong knew about the patented inventions embodied in Skull Shavers products such that Shenzhen Wantong acted with deliberate and willful behavior and deliberate indifference and willfully infringed the '528 patent.

138.    On information and belief, Shenzhen Wantong's accused electric shavers are available to individuals throughout the United States and in the State of Texas, including in this District.

139.    Skull Shaver has been damaged as the result of Shenzhen Wantong's infringement. Upon information and belief, Shenzhen Wantong will continue to infringe one or more claims of the '528 patent unless and until they are enjoined by this Court.

140.    Shenzhen Wantong has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing one or more claims of the '528 patent.  Skull Shaver will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Shenzhen Wantong is enjoined from infringing the claims of the '528 patent.

## COUNT XI

**(Patent Infringement of United States Patent No. 8,726,528 by Shenzhen Junmao)**

141.    Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

142.    Shenzhen Junmao has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '528 patent by making, using, testing, selling, offering for sale and/or importing into the United States Shenzhen Junmao's Homeasy Men Electric Razor Bald Head Shaver pursuant to 35 U.S.C. § 271(a).

143.    The claim chart attached hereto as Exhibit M describes and demonstrates how the elements of exemplary claim 1 from the '528 patent are practiced by Shenzhen Junmao's accused electric shaver.

144.    Shenzhen Junmao's accused electric shaver practices all of the limitations of claim 1 of the '528 patent.  For example, Shenzhen Junmao's accused electric shaver comprises a housing for containing an electrical source and drive-related components, said housing having a

length and a width, and including two substantially opposed and substantially parallel sides along said length, said housing further including a bottom; a cutter mechanism located beneath said bottom of said housing and spaced therefrom; a central hub extending from said bottom of said housing to said cutter mechanism and connecting said cutter mechanism to said housing; said cutter mechanism including a cutting surface defining a plane; a first pair of elongated recesses formed on said sides of said housing, said first pair of elongated recesses being substantially parallel to each other and lying in a plane that is spaced apart from but parallel to the plane of said cutting surface, and a second set of elongated spaced apart recesses formed in said bottom of said housing along said width entirely, and extending upwardly into said bottom, said recesses of said second set being located on opposite sides of said hub and extending perpendicular to said first pair of recesses.

145.    Shenzhen Junmao also indirectly infringes the '528 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Shenzhen Junmao has knowledge that its activities concerning its accused Homeasy Men Electric Razor Bald Head Shaver infringes one or more claims of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Shenzhen Junmao is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Shenzhen Junmao's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers. On information and belief, Shenzhen Junmao will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the accused electric shaver (which are acts of direct infringement of the '528 patent) and Shenzhen Junmao has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '528 patent.  Further,

Shenzhen Junmao provides information and support to its customers, including at least product user manuals, instructing its customers to use Shenzhen Junmao's accused electric shaver (which are acts of direct infringement of the '528 patent).  Alternatively, Shenzhen Junmao knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the accused electric shaver constitutes direct infringement of the '528 patent but took deliberate actions to avoid learning of these facts.

146.    Shenzhen Junmao also indirectly infringes the '528 patent by contributing to the direct infringement by third parties under 35 U.S.C. § 271(c).  Shenzhen Junmao has or will have knowledge that its activities concerning the accused electric shaver indirectly infringe at least claim 1 of the '528 patent based on the patent marking Skull Shaver includes on its product packaging and on its company website, and further based on at least the filing and service of this Complaint.  On information and belief, Shenzhen Junmao is aware of the patent marking Skull Shaver includes on its product packaging and on its company website based on Shenzhen Junmao's manufacture, use, sale, offer for sale, and/or importation of knock-off Electric Shavers.  On information and belief, Shenzhen Junmao specifically designed and configured the accused electric shaver to be used by third parties to directly infringe at least claim 1 of the '528 patent.  Moreover, on information and belief, third parties have and will continue to use Shenzhen Junmao's accused electric shaver (which directly infringes at least claim 1 of the '528 patent) based on Shenzhen Junmao's ongoing activities, including its support and provision of product user manuals.  On information and belief, Shenzhen Junmao's accused electric shavers have no substantial noninfringing uses.  Further, Shenzhen Junmao's accused electric shavers constitute a material part of the invention claimed in at least claim 1 of the '528 patent.

147.    Shenzhen Junmao has engaged in deliberate and willful behavior with knowledge of the '528 patent and knew or should have known that its actions constituted direct and/or indirect infringement of the '528 patent.  Based on information and belief, such as Shenzhen Junmao's copying of Skull Shavers products, including the design, look and feel and overall functionality, Shenzhen Junmao knew about the patented inventions embodied in Skull Shavers products such that Shenzhen Junmao acted with deliberate and willful behavior and deliberate indifference and willfully infringed the '528 patent.

148.    On information and belief, Shenzhen Junmao's accused electric shavers are available to individuals throughout the United States and in the State of Texas, including in this District.

149.    Skull Shaver has been damaged as the result of Shenzhen Junmao's infringement. Upon information and belief, Shenzhen Junmao will continue to infringe one or more claims of the '528 patent unless and until they are enjoined by this Court.

150.    Shenzhen Junmao has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing one or more claims of the '528 patent.  Skull Shaver will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Shenzhen Junmao is enjoined from infringing the claims of the '528 patent.

## COUNT XII

**(Patent Infringement of United States Design Patent No. D672,504 by Yiwu Xingye)**

151.    Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

152.    In contravention of 35 U.S.C. §§ 271 and 289, Yiwu Xingye has willfully and deliberately infringed the '504 patent by making, using, testing, selling, offering for sale and/or importing into the United States, or causing others to make, use, test, sell, offer for sale and/or

import into the United States Yiwu Xingye's Roziapro Electric Razor for Men 6 in 1 Bald Head Shaver.

153.    The claim chart attached hereto as Exhibit N demonstrates how Yiwu Xingye's accused electric shaver embodies the invention claimed in the '504 patent.

154.    Yiwu Xingye's accused electric shavers are relatively inexpensive costing only about $39.99.  On information and belief, Yiwu Xingye's accused electric shavers are sold only through online retail channels, and are not available in stores.  As a result of the manner in which Yiwu Xingye's accused electric shavers are sold, a prospective consumer does not have an opportunity to closely examine the same.  He or she can see only what is shown online.

155.    The overall appearance of Yiwu Xingye's accused electric shaver is substantially the same as the claimed design in the '504 patent or is at least a colorable imitation thereof.  By way of example, both designs have an essentially rounded and flat-topped shaver housings, and both designs have elongated and concave recesses along the sides and bottom of the shaver housings.

156.    The ordinary observer, seeing Yiwu Xingye's accused electric shaver online, would be deceived into believing that Yiwu Xingye's accused electric shaver is the same as the patented design.

157.    On information and belief, Yiwu Xingye's accused electric shavers are available to individuals throughout the United States and in the State of Texas, including in this District.

158.    Yiwu Xingye has engaged in deliberate and willful behavior with knowledge of the '504 patent and knew or should have known that its actions constituted infringement of the '504 patent.  Based on information and belief, such as Yiwu Xingye's copying of Skull Shavers products, including the design, look and feel and overall functionality, Yiwu Xingye knew about

the patented inventions embodied in Skull Shavers products such that Yiwu Xingye acted with deliberate and willful behavior and deliberate indifference and willfully infringed the '504 patent.

159.    Skull Shaver has been damaged as the result of Yiwu Xingye's infringement.  Upon information and belief, Yiwu Xingye will continue to infringe the '504 patent unless and until they are enjoined by this Court.

160.    Yiwu Xingye has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing the '504 patent.  Skull Shaver will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Yiwu Xingye is enjoined from infringing the '504 patent.

## COUNT XIII

### (Patent Infringement of United States Design Patent No. D672,504 by Yiwu City)

161.    Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

162.    In contravention of 35 U.S.C. §§ 271 and 289, Yiwu City has willfully and deliberately infringed the '504 patent by making, using, testing, selling, offering for sale and/or importing into the United States, or causing others to make, use, test, sell, offer for sale and/or import into the United States Yiwu City's Surker 6 in 1 Electric Shavers for Men Bald Head.

163.    The claim chart attached hereto as Exhibit O demonstrates how Yiwu City's accused electric shaver embodies the invention claimed in the '504 patent.

164.    Yiwu City's accused electric shavers are relatively inexpensive costing only about $39.99.  On information and belief, Yiwu City's accused electric shavers are sold only through online retail channels, and are not available in stores.  As a result of the manner in which Yiwu City's accused electric shavers are sold, a prospective consumer does not have an opportunity to closely examine the same.  He or she can see only what is shown online.

165.    The overall appearance of Yiwu City's accused electric shaver is substantially the same as the claimed design in the '504 patent or is at least a colorable imitation thereof.  By way of example, both designs have an essentially rounded and flat-topped shaver housings, and both designs have elongated and concave recesses along the sides and bottom of the shaver housings.

166.    The ordinary observer, seeing Yiwu City's accused electric shaver online, would be deceived into believing that Yiwu City's accused electric shaver is the same as the patented design.

167.    On information and belief, Yiwu City's accused electric shavers are available to individuals throughout the United States and in the State of Texas, including in this District.

168.    Yiwu City has engaged in deliberate and willful behavior with knowledge of the '504 patent and knew or should have known that its actions constituted infringement of the '504 patent.  Based on information and belief, such as Yiwu City's copying of Skull Shavers products, including the design, look and feel and overall functionality, Yiwu City knew about the patented inventions embodied in Skull Shavers products such that Yiwu City acted with deliberate and willful behavior and deliberate indifference and willfully infringed the '504 patent.

169.    Skull Shaver has been damaged as the result of Yiwu City's infringement.  Upon information and belief, Yiwu City will continue to infringe the '504 patent unless and until they are enjoined by this Court.

170.    Yiwu City has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing the '504 patent.  Skull Shaver will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Yiwu City is enjoined from infringing the '504 patent.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Skull Shaver respectfully requests that this Court:

A.     Enter judgment that Defendants Rayenbarny, Bald Shaver, Suzhou Kaidiya, Shenzhen Aiweilai, Wenzhou Wending, Shenzhen Nukun, Yiwu Xingye, Magicfly, Yiwu City, Shenzhen Wantong, and Shenzhen Junmao have infringed one or more claims of the '528 patent;

B.     Enter judgment that Defendants Yiwu Xingye and Yiwu City have infringed the '504 patent;

C.     Enter an order for equitable relief under 35 U.S.C. § 283, including, but not limited to, an injunction that enjoins Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with any of the foregoing, from infringing the claims of the Asserted Patents;

D.     Award Skull Shaver damages in an amount sufficient to compensate it for Defendants' infringement of one or more claims of the Asserted Patents, together with prejudgment and post-judgment interest costs, and all other damages permitted under 35 U.S.C. § 284;

E.     Perform an accounting of each Defendants' infringing activities through trial and judgment;

F.     Treble the damages awarded to Skull Shaver under 35 U.S.C. § 284 by reason of each Defendants' willful infringement of the Asserted Patents;

G.     Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Skull Shaver its attorneys' fees, expenses, and costs incurred in this action;

H.     Enter judgment pursuant to 35 U.S.C. § 289 requiring Defendants to pay to Skull Shaver the extent of Defendants' total profits realized and derived from their infringement of the Asserted Patents; and

I.     Award Skill Shaver such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff Skull Shaver hereby demands a trial by jury on all issues so triable.


Dated:  October 13, 2020                    Respectfully submitted,

                                            FISH & RICHARDSON P.C.

                                    By: */s/  Betty Chen*
                                            Betty Chen
                                            Texas Bar No. 24056720 | bchen@fr.com
                                            Fish & Richardson P.C.
                                            One Congress Plaza, Suite 810
                                            Austin, TX 78701
                                            Tel: 512-472-5070 | Fax: 512-320-8935

                                            Benjamin C. Elacqua
                                            Texas Bar No. 24055443 | elacqua@fr.com
                                            Fish & Richardson P.C.
                                            1221 McKinney Street, Suite 2800
                                            Houston, TX 77010
                                            Tel: 713-654-5300 | Fax: 713-652-0109

                                            Thomas S. Fusco (to be admitted)
                                            DC Bar No. 1007209 | fusco@fr.com
                                            Tracea Rice (to be admitted)
                                            Virginia Bar No. 95239 | trice@fr.com
                                            Fish & Richardson P.C.
                                            1000 Maine Ave, S.W., 10th Floor
                                            Washington, DC 20024
                                            Tel: 202-783-5070 | Fax:  202-783-2331

                                            Jeremy T. Saks (to be admitted)
                                            NY Reg. No. 5302542 | saks@fr.com

Fish & Richardson P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel: 212-765-5070 | Fax: 212-258-2291

***Attorneys for Plaintiff Skull Shaver, LLC***